**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| UNION INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RIVERPOINT, L.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Civil Action No. 3:06CV372–HEH |
| ) | |
| MASSACHUSETTS BAY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROSE R. ODARIS and THOMAS ODARIS, ) | |
| ) | |
| Third Party Defendants. ) | |

## <u>MEMORANDUM OPINION</u>
**(Granting Plaintiff Union Insurance Company's Motion for Summary Judgment)**

This a declaratory judgment action filed by the plaintiff insurer requiring this Court to decide whether it must provide a defense in a case pending in the Circuit Court for the City of Richmond. The matter is presently before this Court on cross motions for summary judgment. Union Insurance Company ("Union"), Riverpoint, L.C. ("Riverpoint"), and Morton G. Thalhimer, Inc. ("Thalhimer"), have filed memoranda of law in support of their respective positions. This Court heard oral argument on February 22, 2007. All parties agree that no material facts are in dispute.

The genesis of this coverage dispute arose as a result of a civil action filed by Rose R. Odaris and Thomas Odaris ("Odarises") in the Circuit Court for the City of Richmond, Virginia. In their eight-count motion for judgment, the Odarises contend that they sustained personal injury as a result of exposure to "excessive and unhealthy levels of mold in their leased apartment at the Riverpoint Apartments in Norfolk, Virginia." (Pl.'s Mot. J. ¶ 1.) The Odarises also allege that their personal property was damaged from the mold exposure, which allegedly developed while the Odarises were tenants at the apartment complex. Riverpoint Apartments is owned by Riverpoint, L.C. and managed by a Thalhimer affiliate.

According to the motion for judgment filed in state court, the Odarises first noticed a dark spot suggestive of mold on their apartment wall on or about early October 2002. The condition was immediately reported to the property manager. Despite some remedial effort through the application of chemicals, mold growth continued. In the weeks that followed, members of the Odarises family began experiencing physical illness. The lawsuit filed in the Circuit Court of the City of Richmond followed.

Riverpoint and Thalhimer are insured under a business general liability insurance policy issued by Plaintiff Union Insurance Company. Two policies are relevant to the coverage dispute before the Court. The earlier policy issued to Riverpoint covered June 1, 2001 to June 1, 2002. A subsequent policy covered June 1, 2002 to June 1, 2003.

The critical difference between these policies is the presence of a fungus or spore exclusion in the latter policy.

The controlling issue in this coverage dispute is whether the injuries suffered by the Odarises occurred during the 2001–2002 or 2002–2003 policy period. Under the former, there is arguable coverage; under the latter, there is clearly none.

Jurisdiction in this case is based upon diversity of citizenship of the parties. It is therefore governed by the laws of the Commonwealth of Virginia. *Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir. 1995). With respect to contract actions like this one, Virginia adheres to the traditional choice of law rule that the place of contracting governs the substantiative issues of the case. *Buchanan v. Doe*, 246 Va. 67, 70 (1993). The parties agree that the insurance policies here at issue were entered into in Virginia.

The law governing construction of the policy terms of an insurance contract are well settled in Virginia. An insurer is excused from its duty to defend only when it is clear from the initial pleading that the insurer would not be liable under the policy for any judgment based on the allegations. *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331, 302 S.E.2d 529, 531 (1983). "When an initial pleading alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy, the insurance company is obliged to defend its insured." *Parker v. Hartford Fire Ins. Co.*, 222 Va. 33, 35, 278 S.E.2d 803, 804 (1981)(internal quotations omitted). "[W]here the allegations 'leave it in doubt whether the case alleged is covered by the policy,' the insurer's failure

to defend is at its own risk." *Id*. (quoting *London Guar. Co. v. White & Bros.*, 188 Va. 195, 199–200, 49 S.E.2d 254, 256 (1948)).

The determination of whether an insurer has a duty to defend requires an examination of (1) the policy language to ascertain the terms of the coverage; and (2) the underlying complaint to determine whether any claims alleged therein are covered by the policy.[1]  *Am. Online, Inc. v. St. Paul Mercury Ins. Co.*, 347 F.3d 89, 93 (4th Cir. 2003); *Fuisz v. Selective Ins. Co. of Am.*, 61 F.3d 238, 242 (4th Cir. 1995).  Since policies are invariably drafted by the insurance company, any ambiguous language is construed in favor of the insured.  If there is any ambiguity regarding potential coverage, the insurer must provide a defense.  *Smith v. Allstate Ins. Co.*, 241 Va. 477, 480, 403 S.E.2d 696, 697 (1991).  When exclusions are at issue, such as in this case, the burden rests on the insurer to establish their clear application.  *Johnson v. Ins. Co. of N. Am.*, 232 Va. 340, 345, 350 S.E.2d 616, 619 (1986).  Exclusionary language in an insurance policy is construed most strongly against the insurer.  *Va. Elec. & Power Co. v. Northbrook Prop. & Cas. Ins.*, 552 Va. 265, 270, 475 S.E.2d 264, 266 (1996).  Exclusions from coverage are enforceable only when the exclusions "unambiguously bring the particular act or omission within its scope."  *Floyd v. N. Neck Ins. Co.*, 245 Va. 153, 158, 427 S.E.2d 193, 196 (1993).

---

[1] This process of squaring the allegations in the pleadings against the language of the insurance policy is commonly referred to as the "eight corners" rule. *See Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 636 (4th Cir. 2005).

Employing the analytical framework articulated in *Fuisz*, this Court must determine whether or not the occurrence giving rise to bodily injury alleged in the complaint falls within the boundaries of policy coverage. In paragraphs 3 and 8 of the Odarises' motion for judgment, it is alleged that evidence of mold and fungus formation was detectable on or about early October 2002. The motion for judgment makes no mention of any earlier manifestation of mold development. In fact, it states in paragraph 6 that "at the time of the rental agreement" in late January of 2002, "plaintiff did not observe any mold or water problem." According to the motion for judgment, all resulting injury from mold exposure occurred subsequent to October 2002. There is no indication in the motion for judgment of any symptoms suggestive of mold related injury prior to October 2002.

Relying on *Solers, Inc. v. Hartford Cas. Ins. Co.*, 146 F. Supp. 2d 785, 791 (E.D. Va. 2001), the defendants, Riverpoint and Thalhimer, urge this Court to adopt what they describe as a "potentiality rule" of construction. In *Solers*, the court utilized a "hybrid" rule engrafting the potentiality rule onto the traditional eight corner framework. Under this approach, the Court would expand the perimeters of coverage beyond a facial examination to include any potential theory of recovery under the pleadings. In other words, even though the motion for judgment alleges that the Odarises' injuries occurred after October 2002, it is possible that the harmful effects of mold exposure actually occurred prior to that date. The potentiality rule has been most often applied in cases

where the date of injury or occurrence is pled without specificity. *See Ocean Accident & Guar. Corp. v. Wash. Brick & Terra Cotta Co.*, 148 Va. 829, 835–44, 139 S.E. 513, 515–17 (1927). That is not the case here.

The motion for judgment in this case is unequivocal; the Odarises' injuries occurred on or after October 2002. There is no language in the 24-page motion for judgment from which the slightest inference could be drawn that any injuries were suffered prior to that date. To wander beyond the contours of the motion for judgment would invite speculation and offend the traditional eight corner coverage analysis adopted in Virginia.[2]

This Court is therefore of the opinion that the Odarises' motion for judgment limits liability for bodily injury and property damage to covered events occurring on or after October 2002. Therefore, the second business general liability insurance policy, covering the period June 1, 2002 to June 1, 2003, was in effect at the time of the alleged occurrence. This policy contained a fungus or spore exclusion endorsement which included mold exposure. The Odarises' claims are therefore excluded from coverage under the policy, and Union has no duty to defend Riverpoint and Thalhimer against those claims.

---

[2]As a secondary argument, Plaintiff points out that the motion for judgment in this case was filed on September 28, 2004. Consequently, any bodily injury that occurred prior to June 1, 2002, the date on which the second policy was effective, would be time-barred under Virginia's two year statute of limitations. Although it is unnecessary to reach this issue, Plaintiff's position probably has merit, because there would be no liability for any judgment based on the allegation. *See Reisen*, 225 Va. at 331, 302 S.E.2d at 531.

Plaintiff's Motion for Summary Judgment is therefore granted and Defendants' Motion for Summary Judgment is denied. An appropriate Order will accompany this Memorandum Opinion.

                                                                            /s/  
                                                              Henry E. Hudson  
                                                              United States District Judge

Entered this 27th day of February, 2007.  
Richmond, VA